```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
WHEELS UP PARTNERS LLC,                                     :
                                                            :
                              Plaintiff,                    :
                                                            :       23-CV-8077 (VSB)
              - against -                                   :
                                                            :       OPINION & ORDER
EXCLUSIVE JETS, LLC,                                        :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

Appearances:

Jonathan Todd Blank
Jeffrey James Chapman
Lindsay Brandt Jakubowitz
McGuireWoods LLP
New York, NY and Charlottesville, VA
*Counsel for Plaintiff*

Thomas Nelson Hughes, Jr.
Benjamin N. Thompson
Samuel A. Slater
Wyrick Robbins Yates Ponton
Raleigh, NC
*and*
Brian Patrick Morgan
Faegre Drinker Biddle & Reath LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Among the various pending motions in this action is Plaintiff's motion to remand the case to state court. Both parties to this action are Limited Liability Corporations ("LLCs"). According to the relevant law, Plaintiff's LLC is a citizen of the same state as members of

Defendant's LLC.  Thus, complete diversity of citizenship between the parties is lacking, and Plaintiff's motion to remand is GRANTED.

I. **Background**[1]

Plaintiff Wheels Up Partners LLC ("Wheels Up") "is a leading private jet company" offering its customers the ability to charter jets by the hour.  (Doc. 1-6 ("Compl.") ¶¶ 1–2.) Defendant Exclusive Jets LLC, doing business as FlyExclusive ("FlyExclusive") is "an owner and operator of private jets."  (*Id*.)  Pursuant to an agreement dated November 1, 2021, Wheels Up chartered its customers' flights with FlyExclusive.  (*Id*.)  On June 30, 2023, FlyExclusive terminated the agreement.  (*Id*. ¶ 3.)  Given the upcoming Fourth of July holiday weekend, Wheels Up "had no choice but to pay" FlyExclusive amounts exceeding the fees it would have been due under the agreement "in order to avoid significant service disruptions."  (*Id*. ¶ 4.)

Prior to the filing of the instant action, on July 5, 2023, Wheels Up initiated an action in this Court for breach of contract and breach of the implied covenant against FlyExclusive.  *See* Compl., *Wheels Up Partners LLC v. Exclusive Jets, LLC*, No. 23-CV-5720 (S.D.N.Y. July 5, 2023), ECF No. 1.  The case was assigned to Judge Denise L. Cote.  On August 24, 2023, Judge Cote so-ordered Wheels Up's voluntary dismissal of the case.  *See id*., ECF No. 18.  Wheels Up represents that it filed the dismissal after it "learned that three members of an LLC" that is "several levels up [the] chain of ownership" of Defendant's LLC "are citizens of North Carolina," the same state of which Plaintiff's LLC is a citizen.  (Doc. 18 ("Remand Mem.") at 2.)

On August 23, 2023, Plaintiff filed the instant action in the Supreme Court of the State of New York, New York County.  (Doc. 1-6.)  On September 12, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1331(a).  (Doc. 1

---

[1] Unless otherwise noted, the facts in this section are drawn from Plaintiff's state-court complaint.  (Doc. 1-6.)  My recitation of these facts are not factual findings and should not be construed as such .

("NOR").) Defendant's notice of removal states on "information and belief" that at the time of the filing of the complaint, the sole member of Plaintiff's LLC was Wheels Up Partner Holdings LLC ("WUPH"), and the sole member of WUPH was Wheels Up Experience Inc. ("WUPE"), a Delaware corporation with a New York principal place of business. (NOR ¶ 1.) It also stated that the sole member of Defendant Exclusive Jets, LLC was LGM Enterprises, LLC ("LGM"), the members of which were ten individuals domiciled in North Carolina. (*Id.* ¶ 2.) On September 19, 2023, Defendant moved to dismiss the complaint or, in the alternative, transfer the case to the U.S. District Court for the Eastern District of North Carolina. (*See* Doc. 8.)

On October 9, 2023, Plaintiff filed a motion to remand the case to state court, (Doc. 17), along with a memorandum of law, (Doc. 18 ("Remand Mem.")), and declaration, (Doc. 19 ("Harris Decl.")), in support. Plaintiff argues that Defendant's notice of removal does not include all of its members, and that since some of the members of a member of Plaintiff's LLC are citizens of North Carolina, complete diversity of citizenship does not exist. (*See* Remand Mem.) On November 3, 2023, Defendant filed its opposition to the remand motion. (Doc. 40 ("Remand Opp'n").) On November 10, 2023, Plaintiff filed its reply brief. (Doc. 41 ("Remand Reply").)

      II.      **<u>Legal Standard</u>**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Where a plaintiff challenges a defendant's removal for lack of complete diversity, the defendant has the "burden to demonstrate, by a preponderance of the evidence, that complete diversity among the parties existed not only at the time of

3

removal, but also when the state complaint was filed." *Segal v. Firtash*, No. 13-CV-7818, 2014 WL 4470426, at *2 (S.D.N.Y. Sept. 9, 2014); *see Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) ("We generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when defendant files the notice of removal."). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (internal quotation marks omitted). If at any time it appears that the district court lacks subject-matter jurisdiction because there is not complete diversity among the parties, the case must be remanded back to state court. 28 U.S.C. § 1447(c).

## III.   Discussion

The basis of Plaintiff's motion for remand is the citizenship of an LLC. For purposes of diversity of citizenship under 28 U.S.C. § 1331(a), an LLC "takes the citizenship of each of its members." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). "The citizenship of the members of an LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on." *Jakks P., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 195 (D.D.C. 2017), *aff'd*, 727 F. App'x 704 (D.C. Cir. 2018) (citing *Bayerische*, 692 F.3d at 49). Here, the parties agree that Defendant is a citizen of North Carolina by virtue of the members of its LLC. (NOR ¶ 2.) Defendant does not dispute that Plaintiff's sole member is WUPH LLC, that WUPH LLC's members include Wheels Up MIP LLC ("MIP"), (Doc. 16 ("Pl.'s Rule 7.1 Corp. Disclosure Stm.") ¶¶ 1–2), and that "at least one North Carolina citizen is a profits interest holder in MIP," (Remand Reply 1; *see also* Remand Opp'n 1). Thus, the question is whether the North Carolina "profits interest holder" is a "member" of MIP. The answer is yes.

4

An LLC is an "artificial entit[y] created by state law." *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). The Supreme Court has explained that the scope of the "members" of "unincorporated entities" is determined by "reference to specific States' laws." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (collecting cases); *cf. Carden*, 494 U.S. at 190–91 (explaining that a Puerto Rican *sociedad en comandita* "could be treated as a citizen of Puerto Rico for purposes of determining federal-court jurisdiction" because the entity's "juridical personality . . . 'is so complete in contemplation of the law of Puerto Rico'" that it was, in essence, a corporation (quoting *Puerto Rico v. Russell & Co.*, 288 U.S. 476, 482 (1933)).

Here, MIP is organized under the laws of Delaware, (Pl's Rule 7.1 Corp. Disclosure Stm. ¶ 5), and therefore Delaware law "provides an answer" to the scope of MIP's members. *Americold*, 577 U.S. at 382. The Delaware Limited Liability Company Act provides that "a person is admitted as a member of the limited liability company," *inter alia*, at "[t]he time provided in and upon compliance with the limited liability company agreement . . . or as otherwise provided in the limited liability company agreement." 6 Del. C. § 18-301(a)(2) (governing "the formation" of an LLC); *accord id*. § 18-301(b)(1) (governing membership "[a]fter the formation" of an LLC). This reflects "what is now a mundane notion" under Delaware law that "the parties to an LLC agreement have substantial authority to shape their own affairs." *Achaian, Inc. v. Leemon Fam. LLC*, 25 A.3d 800, 802–03 (Del. Ch. 2011).

MIP's LLC Agreement defines "Member" as "each Person that from time to time validly owns Interests for so long as such Person continues to validly own an Interest." (Doc. 19-5 ("MIP LLC Agreement") § 1.26). It defines "Interests" as "all limited liability company interests under the [Delaware LLC] Act issued by the Company, and includes Vested Interests and Unvested Interests." (*Id*. § 1.21.) In September 2015, Plaintiff awarded one of its employees

5

(the "Employee") a certain amount of "Profits Interest" in MIP. (*See* Doc. 38-1 ("Profits Interest Award Agreement").) The MIP LLC Agreement provides that "Profit Interests" "shall constitute limited liability company interests under the [Delaware LLC] Act," that they are issued by "the Company," and that they are "Interests" in the LLC. (MIP LLC Agreement § 3.1.) The Employee was a domiciliary of North Carolina and held the Profits Interest in MIP at the time Plaintiff filed its state-court complaint. (Doc. 38 ¶¶ 2–3.) Thus, by the terms of the MIP LLC Agreement, the Employee was a "Member" of MIP LLC, (*see* MIP LLC Agreement § 1.26), and the Employee's North Carolina citizenship is imputed to Plaintiff, *see Jakks*, 270 F. Supp. 3d at 195. Since Plaintiff and Defendant are each North Carolina citizens, complete diversity is lacking, *see* 28 U.S.C. § 1331(a), subject-matter jurisdiction over the action does not exist, and Plaintiff's motion for remand is GRANTED.

        Defendant's arguments to the contrary are unpersuasive. First, Defendant argues that the Employee's Profit Interests are not "Interests" under the Delaware LLC Act, since "[h]olders of profits interests do not share in the losses of a limited liability company." (Remand Opp'n 6 (citing Del. C. § 18-101(10)).) As discussed, however, MIP's LLC Agreement specifically provides that "Profit Interests" "shall constitute limited liability company interests under the [Delaware LLC] Act." (MIP LLC Agreement § 3.1.) To the extent the Agreement conflicts with Delaware's LLC Act, Delaware law provides that "any conflict between the provisions of the Act and an LLC agreement will be resolved in favor of the LLC agreement." *Achaian*, 25 A.3d at 803. This argument therefore fails.

        Second, Defendant argues that "whether a person qualifies as a 'member' of an unincorporated association for purposes of diversity jurisdiction is distinct from whether a person is a definitional 'member' of an unincorporated association by contract." (Remand Opp'n 7

6

(emphasis omitted).) In support, Defendant cites *Americold Realty Trust v. Conagra Foods, Inc.*, in which the Supreme Court examined "Maryland law" to determine whether a "shareholder" in a Maryland "real estate investment trust" was akin to a "member" for diversity purposes. 577 U.S. at 382. The Court concluded it was, because under Maryland law, the shareholders had "ownership interests and votes in the trust by virtue of their shares of beneficial interest," and these are similar to the interests of "members" of other unincorporated entities, like LLCs. *Id*. *Americold*, however, did not depart from the "rule linking unincorporated entities with their members" for diversity purposes, rather it determined the membership of an unincorporated entity "with reference to [a] specific State['s] law[]." *Id*. at 381. In other words, *Americold* supports Plaintiff's position, since Delaware law here leads to the conclusion that Plaintiff's Employee was a member of MIP LLC for diversity purposes. Defendant points out that "profits interest holders of MIP do not have any ownership interests in MIP, voting rights, or any other meaningful interest in MIP." (Remand Opp'n 9.) But the Supreme Court has rejected similar arguments, noting that it has "never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members," and that differences of "control" among members of unincorporated entities like LLCs "have played no part in [the Court's] decisions" on this topic. *Carden*, 494 U.S. at 192. As noted, *Americold* did not disturb this rule—the Court held that all of the shareholders in the trust at issue, not just some, were its members for diversity purposes. 577 U.S. at 382. Consistent with this binding Supreme Court precedent, I reject Defendant's argument.

7

Because the Court lacks subject-matter jurisdiction over this action, the remaining motions are DENIED as moot. *See, e.g.*, *Walsh v. McGee*, 899 F. Supp. 1232, 1236 (S.D.N.Y. 1995) ("If a case is dismissed for lack of subject matter jurisdiction, all other matters are moot.")

### IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand this action to the New York County Supreme Court is GRANTED. The remaining pending motions are DENIED as moot.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 8, 17, and 52, and to remand the case to the New York County Supreme Court.

SO ORDERED.

Dated: March 28, 2025
       New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge